## BURTON–LINGO CO. v. RANDALS.
### No. 2739.

Court of Civil Appeals of Texas. El Paso.
Dec. 1, 1932.

Rehearing Denied Dec. 15, 1932.

Ritchie & Ritchie, of Mineral Wells, and W. R. Smith, of Odessa, for appellant.

Paul Moss, of Odessa, for appellee.

WALTHALL, J.

Ben Randals brought this suit against Burton-Lingo Company, a corporation, to recover damages for personal injuries alleged to have been sustained by him through the negligence of defendant while in its employ in its lumber yard at Odessa, Tex.

The parts of plaintiff's petition material to this decision, and the disposition to be made of the case, read as follows:

The second paragraph of plaintiff's first amended original petition is as follows: "That on January 13, 1929, the defendant negligently and carelessly had, kept and maintained on and along the North side of its building a shelf sixteen feet long, two feet and four inches wide and eight feet above the ground; beneath said shelf, defendant negligently and carelessly had, kept and maintained a platform sixteen feet long, six feet wide and two feet and six inches above the ground, and immediately under said shelf, with nothing except the wall of the building between said platform and said shelf, and without ladders, braces or railings; on said platform defendant, on said date, negligently and carelessly had, kept and maintained a large barrel or drum of turpentine, the exact dimensions being unknown to plaintiff, with a faucet which defendant used to place a bottle under to receive the turpentine from the large drum above; on the said shelf immediately above the back of said drum, the defendant, negligently and carelessly kept and had placed the empty bottles, to be used in receiving turpentine from the said drum, in a box three feet long, 15 inches wide and thirteen inches high, on said shelf, immediately against the wall of the building and thirteen inches back of the outer edge of said shelf, with the platform, shelf, drum and the ground, negligently and carelessly exposed to the weather, and on said date, the defendant, had negligently and carelessly permitted the ground, beneath and about said platform and drum to become and remain frozen, uneven, rough and bumpy, and ice to accumulate and to remain thereat and on the ground and said platform and said drum so as to endanger the life and safety of this plaintiff."

In the fourth paragraph of said petition plaintiff further alleges: "That on the 13th day of January, 1929, while in the course of his employment, it became the duty of the plaintiff to go upon, and he did go upon, said platform, for the purpose of getting an empty bottle out of said box on said shelf and to fill said bottle with turpentine from said drum for a customer of the defendant; being unable to reach said bottle from the floor of said platform, it became his duty to step

upon, and he did step upon said drum, for the purpose of getting said empty bottle, which said drum the defendant had negligently and carelessly placed and kept thereat and thereon for that purpose, without providing any other way to get said empty bottles, and without providing plaintiff a safe place in which to perform such work.

"Plaintiff says by reason of such negligence on the part of the defendant, and its failure to use ordinary care for his safety, in this regard, and the dangerous and defective condition of the place and apparatus so provided by the defendant for the plaintiff, for the purpose aforesaid, plaintiff slipped and fell while upon the said platform and drum, in the performance of his duties."

The above quotations contain the only allegations in plaintiff's petition relative to alleged negligence of the defendant.

Defendant especially excepted to the petition on the ground that the same shows that "plaintiff's cause of action, if any he ever had, is barred by the statutes of limitation of this state." Defendant presented a motion to instruct the verdict in its favor.

The court overruled the exception and defendant's motion to instruct the verdict, to which rulings defendant duly excepted.

The court submitted the case to the jury on special issues, all of which were found in favor of the plaintiff, and upon which findings the court entered judgment in favor of plaintiff.

The plaintiff's original petition and his first amended original petition upon which he went to trial, the evidence heard on the trial, and the jury's finding, all show definitely and specifically that plaintiff fell and suffered his injuries complained of, on the 13th day of January, 1929, and not "on or about" said date. All of the negligent acts of defendant assigned in his petition are alleged and fixed as of the 13th day of January, 1929.

The record shows without controversy that plaintiff's original petition was filed in court on the 5th day of December, 1931.

Defendant, appellant here, presents a number of assignments of error which we have considered, but the disposition we have concluded to make of the case renders it unnecessary that we discuss them.

We have concluded that the court was in error in overruling defendant's special exception to the effect that plaintiff's asserted cause of action is barred by our statute of limitation of personal actions, which provides that "action for injury done to the person of another," must be "commenced and prosecuted within two years after the cause of action shall have occurred, and not afterwards." Rev. St. 1925, art. 5526.

Plaintiff makes a number of suggestions in his brief in reply to the exception and motion and the court's action thereon, all of which we have considered. They do not apply to the record as presented. We need not discuss them.

The case having been fully developed, no useful purpose is apparent to us for remanding the case in order that a repleading and a retrial may be had.

The case is reversed, and judgment here rendered for appellant.